IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| G. STEVEN FUQUA, individually and on behalf of other similarly situated employees and former employees of Defendants, Plaintiff(s), | § § § § § | |
| vs. | § § | CIVIL ACTION NO: _____ JURY |
| MARWIN MANAGEMENT, L.L.C., et al., Defendants. | § § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

G. Steven Fuqua, Plaintiff, files this Complaint, individually and on behalf of other similarly situated employees and former employees of Defendants, complaining of Marwin Management L.L.C., Pizza Foods of Texas, L.P., Winmar Pizza Management, L.L.C., Winmar Pizza, L.P., TEG-Pizza Partners Holdings II, L.P., TEG-Pizza Partners II, L.P., TEG-Pizza Partners Holdings, L.P., TEG Pizza Partners of Houston, L.P., and TEG-Pizza Partners, L.P., individually and d/b/a CiCi's Pizza, and would respectfully show the following:

**PARTIES**

1. Plaintiff, *G. Steven Fuqua* ("Fuqua"), is an individual residing in Harris County, Texas, who files this lawsuit on his behalf and on behalf of other similarly situated employees and former employees of Defendants who may subsequently opt-in this lawsuit.

2. Defendant, *Marwin Management L.L.C.*, is a Texas domestic limited liability company, doing business in Harris County, Texas and may be served with summons by serving its registered agent, Norman Winton, at 5925 Forest Lane, Dallas, Texas 75230

3. Defendant, *Pizza Foods of Texas, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman L. Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

4. Defendant, *Winmar Pizza Management, L.L.C.*, is a Texas domestic limited liability company, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

5. Defendant, *Winmar Pizza, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

6. Defendant, *TEG-Pizza Partners Holdings II, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

7. Defendant, *TEG-Pizza Partners II, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

8. Defendant, *TEG-Pizza Partners Holdings, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

9. Defendant, *TEG Pizza Partners of Houston, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by its serving its registered agent, Norman L. Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

10.  Defendant, *TEG-Pizza Partners, L.P.*, is a Texas domestic limited partnership, doing business in Harris County, Texas, and may be served with summons by serving its registered agent, Norman Winton, at 9400 North Central Expressway, Dallas, Texas 75231.

## COLLECTIVE ACTION

11.  Fuqua files this complaint on his own behalf and on behalf of other similarly situated employees and former employees of Defendants pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA").  Specifically, Fuqua files this complaint on his behalf and on behalf of other training managers and other similar non-exempt employees and former employees of Defendants at any time from January 18, 2005, to the present ("The Relevant Time Period").

## VENUE

12.  Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

## JURISDICTION

13.  This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331.  Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

## STATEMENT OF CAUSES OF ACTION

14.  Defendants (collectively referred to herein as "CiCi's") are an integrated enterprise operating various CiCi's Pizza restaurants.  One or more exercised sufficient control over Fuqua such that they were an "employer" as to Fuqua within the meaning of 29 U.S.C. § 203(d). Defendants were employers or part of an integrated enterprise employing the other similarly situated employees and other employees during The Relevant Time Period.

15. Fuqua began working for CiCi's on May 28, 2007, training to become a manager. Fuqua consistently worked more than forty hours per week during the first ninety-day training period, and during such period his primary job duties were those of a non-exempt employee under the FLSA. However, CiCi's did not pay Fuqua in accordance with the FLSA. CiCi's paid Fuqua a salary and did not pay him one and one-half times his regular hourly rate of pay for each hour he worked in excess of forty hours in a given workweek as required by the FLSA. CiCi's did not pay Fuqua at all for this overtime work.

16. This training program, wherein an employee training for management would work in excess of forty hours performing non-exempt duties during this ninety-day period, is common among the various CiCi's Pizza restaurants. CiCi's owes other employees and former employees for minimum wages and overtime under the FLSA for work they performed during this time period.

### VIOLATION OF THE FLSA

17. Fuqua would show Defendants are liable to him for unpaid minimum wages and overtime compensation under the FLSA.

18. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe Fuqua was exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Fuqua in accordance with the requirements of the FLSA.

19. Fuqua seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA.

**ATTORNEY'S FEES**

20. Defendants' refusal to abide by their statutory obligations to Fuqua has made it necessary for him to employ the undersigned attorney to file this lawsuit. As such, Fuqua requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorney's services rendered and to be rendered herein, at the trial court and the court of appeals, as well as expenses and court costs.

**SECTION 216(b) COLLECTIVE ACTION**

21. As mentioned above, Fuqua files this complaint on his own behalf and on behalf of other current and former training managers, and other similarly situated non-exempt employees and former employees of Defendants pursuant to Section 216(b) of the FLSA, who were not paid minimum wage and time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

22. It was Defendants' policy and/or practice to not pay Fuqua and others for hours worked in excess of forty hours per week at one and one-half times their regular rate. Defendants did not pay at all for such work. Therefore, there are other similarly situated employees and former employees of Defendants who are owed wages under the FSLA for work they performed during the training period.

23. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe these other training managers and non-exempt employees were exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay these other employees in accordance with the requirements of the FLSA.

24. Therefore, these other non-exempt employees and formers employees are owed minimum wage and overtime, liquidated damages and attorney's fees, for the same reasons as Fuqua. These other employees and former employees should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA.

### JURY DEMAND

25. Fuqua demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Plaintiff prays that Defendants be summoned to appear, that notice be issued to other non-exempt employees and former employees of Defendants, and that on final trial of this matter, Plaintiff be granted relief as follows:

(a) Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Defendants to pay Plaintiff and other plaintiffs who may opt-in this litigation, actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorney's fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

-7-

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.

/S/ **G. SCOTT FIDDLER**
_____
G. SCOTT FIDDLER
TBA # 06957750
FID # 12508
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel:    281-897-0070
Fax:    713-462-0078

ATTORNEY-IN-CHARGE
FOR PLAINTIFF